whenever you're ready. May it please the court. The ultimate issue in this appeal is whether 13 surreptitiously recorded images of a teenager changing her clothes or getting dressed depicts sexually explicit conduct. They do not. Mr. Wilkerson raises challenges to the sufficiency of evidence and the jury instructions used to convict him of producing and possessing child pornography. Both categories of challenges turn on the statutory interpretation of the element sexually explicit conduct. To date, this court has not had the opportunity to reasonably consider the Supreme Court's authoritative interpretation of that element. Mr. Wilkerson hopes to change that. Sexually explicit conduct is defined by five different types of acts in the statute, and the Supreme Court in Williams interpreted that element to mean that the sexually explicit conduct must be actually depicted or explicitly portrayed. And of the particular type of conduct at issue in this case, whether there was a lascivious exhibition of the anus, genitals, or pubic area. Well, there's no doubt that there was an exhibition of the genitals in these videos, right? No, Your Honor. You disagree with that? I've read the descriptions of the videos many, many times, and there is a depiction of the genitals of the videos. You can see them. There's a depiction, yes. They're exposed at times. So there's a depiction of the genitals of the minor in the video. Yes, because she's at times naked. But what the statute requires, yeah, what the statute requires is a lascivious exhibition. And what the Supreme Court clarifies in Williams is that that type of conduct has always been referred to as hardcore pornography. You're saying that when the statute says a lascivious exhibition of the genitals, it means hardcore pornography? Correct. What case stands for that proposition? Williams. Is Williams interpreting the phrase lascivious exhibition of the genitals? It is. Or interpreting something else about whether a sex act can be simulated or actual? I mean, is it really interpreting the phrase lascivious exhibition of the genitals? It does. What Williams, the issue that Williams addressed was whether solicitation of child pornography was overbroad or vague. In order to understand the boundaries of that crime, it had to define the elements. And one of those elements is the same element at issue here, sexual, sexually explicit conduct. And what the Williams court interpreted that to mean was it said the federal definition of sexually explicit conduct is essentially the same definition we've already interpreted in Ferber. In Ferber, there's a synonymous term, lewd exhibition of the genitals. Let me ask you this. So your view, it seems to me, is you think Williams means that a lascivious exhibition of the genitals means a sex act. I'm trying to understand how it can mean, if it means hardcore pornography, it must mean a sex act. It's a type of sex act. What is it? I mean, what does that mean, a type of sex act? Well, if you look at the rules of statutory interpretation for defining sexually explicit conduct, sexually explicit conduct means actual or simulated sexual intercourse, bestiality, masturbation, and we'll get to lascivious. Or lewd or lascivious exhibition of the genitals. Now, my rules of statutory interpretation suggest that if you've got a list of things and then or at the end, it means a lascivious exhibition of the genitals does not mean sexual intercourse or a sex act. This means something else. It does mean something else, but it's taken in context. Yes. Well, let's say there is, so the term actually defines lascivious exhibition by any person. So it doesn't have to be the minor. So for a minor has to be used, but it could be, say the, let's say there is an image depicting an erect male penis that in itself might not be obscene and prescribed against constitutional protection. But if a minor appears next to it, it would be. So there's not technically intercourse, bestiality, masturbation, sadomasochistic behavior in that image. Would you ever meet the definition of lascivious exhibition of the genitals if the minor does not know she is being recorded? I don't think it turns just on the surreptitious recording. So for example, well, my question is how, given your view, how would you ever meet the definition of lascivious exhibition of the genitals if the minor is being surreptitiously recorded? I think it all turns on how the minor and her genitals are depicted in the image. So for example, let's say there is a naked minor dancing in her room and someone surreptitiously records and zooms in on her genitals. That could be closer to, say, an image that depicts the lascivious exhibition of the genitals. But it is a term, if we look at how Williams interprets sexually explicit conduct. Well, I mean, a minor, I mean, I've read the, thankfully I haven't seen the pictures, but I've read descriptions of them. And the minor at one point is walking out of a shower totally naked and bends over. And the man is recording secretly through a crack in the blinds or something. Couldn't a jury conclude that's a lascivious exhibition? Not in how it's framed. The images are taken from across the room through a crack in a curtain. And based on how the Supreme Court has narrowly tailored the terms of sexually explicit conduct, it would have to be something that connotes or implies or explicitly portrays the type of hardcore pornography that the Supreme Court has always understood that term to connote. Williams relies on Ferber. Ferber relies on Miller. And throughout the antecedents to Williams, the court has been careful to define terms like lewd and lascivious back to Miller and the types of examples it gives. And Miller, when Miller creates the standard for isolating obscene material, the court is explicit in saying that what it's referring to is a specific subset of obscene materials, that which is hardcore pornography. And that term is used throughout the opinion at least seven times. So when we look at how the court interprets sexually explicit conduct as that term ought to be applied in this case for purposes of comparing the sufficiency of evidence or the jury instructions, it is given a tailored meaning that the court has understood for now over 50 years to mean hardcore, patently offensive conduct, not simply the risque or the covers this case. I disagree. I think Steen, well, as the briefing reflects, I have an alternative argument for both sufficiency and the jury instructions. If the court does not follow the Williams interpretation, Steen is good law in this circuit until the court rules otherwise. And this is probably the most on point case in terms of how the facts are conveyed in relation to Steen as opposed to McCall. Steen is still good law. McCall doesn't change that. And so if the dose factors are continuing, continue to be applied, I think going through the Steen analysis reflects that, yes, the minor is nude in these images, but there is not a focal point on the genitalia. She's not engaged in sexually suggestive or coy or posed conduct. And certainly the court has always been suspect of the sixth factor, which isn't related to the statute at all. And Williams also makes that clear. It is not how the viewer reacts to the image. The image itself has to depict the statutorily prescribed conduct. As for the jury instructions, the court adopted the model instructions over Wilkerson's objection. And I want to take a moment to clarify my argument in that section a little bit. Certainly, my primary argument is that the Williams interpretation controls. The alternative argument is that even if the dosed factors are continued to be applied, the model instruction, which gives no definition to lascivious exhibition and relies only on the dosed factors, is inconsistent with the law in the Fifth Circuit as it is now. The Fifth Circuit has actually given an ordinary meaning to lascivious exhibition, which would tailor a jury's evaluation to using the dosed factors. And so the alternative argument and challenge to the jury instructions is that even if nothing changes in terms of how the Fifth Circuit is applying this law, the model instructions are inconsistent with this court's articulations as of today. In what way? What case are you referring to that the jury instructions are inconsistent with our law as it is today? Well, beginning in Grimes, but it's also in Steen. Well, I'm looking at the definition of lascivious exhibition in Steen, which we defined as, quote, a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children in order to excite lustfulness or sexual stimulation in the viewer. That's what we said the definition was in Steen. Correct. And I think that would be a more accurate recitation of the law than simply the listing of the dosed factors in the model jury instructions as they exist now. I think it emphasizes that there has to be more of a lustful exhibition than simply nudity. And I mean, I guess I thought the dosed factors were simply trying to guide the jury's, you know, consideration of the images to figure out, you know, whether that definition is met. I think it would be more accurate if that definition were included because as the dose factors are listed now, it would give the jury latitude to convict on nudity alone or simply a viewer's subjective reaction alone because it says no factor is dispositive. Any combination can be considered. And so I think they're inaccurate as the law in the Fifth Circuit exists now because the court's definition would provide a more narrowed instruction and analysis for the court. Again, that's my alternative argument. I believe that To be clear that our unpublished decision, Taylor, you want us to just not follow that. I recognize it's unpublished. So the rule of orderliness does not prevent this panel from giving reasoned consideration to Williams and Taylor does not prevent that because first the defendant asked a different question. He asked the court to adopt a sister circuit standard and then rightly concedes that that's foreclosed. No, I'm asking the court to follow the Supreme Court's authoritative  Oh, I see what you're saying. But Hilley thought Williams led to its result, didn't it? Correct. So Hilley was given an example of the type of instruction that would follow from the Supreme Court's interpretation. But back to your question, when a party concedes an issue, it's not raised for purposes of the rule of orderliness. And when a court relies on that concession, the court's not given the affirmation of that conceded proposition does not prevent this panel from ruling otherwise. Taylor's unpublished. We can blow it off. I mean, true. If I could just give a quick cite to my rule of orderliness. It's Ochoa, Salgado v. Garland, 5F4615. Okay. Ms. Davidson, thank you very much. We'll see you back on rebuttal in about 20 minutes. Counsel for the United States, welcome. Take it away. May it please the Court. I'd like to go through the DAS factors first before the challenge to the DAS factors based on Williams. The place where we disagree the most, I think, is whether the focal point of the videos is on the girls' pubic area. And the main argument that they make is that there's no zooming. Because there's no zooming, there can't be a focal point. But Steen uses the word accent as the focal point. And here the accent and the emphasis is on the pubic area. Steen finds a lack of a focal point because of the time the image was shown in Steen, 1.5 seconds, and the location of the image. In Steen, it's on the edge of the frame. Other cases talk about centering and prominent display. Here, the images are long, often centered. The still shots are centered. The focal point certainly is not on her face or on her feet. The depictions of the girls' pubic area are prominently displayed and are the focal point. In Exhibit 39, I think Judge Duncan raised this, the nude child bends over, and the only part of her anatomy that's visible and in focus is her pubic region. Is this a jury question? It's absolutely. The jury can look at this. Yes. Obviously, the jury can look at it. The jury can make a determination about where the focus is. Absolutely. I guess there's no zooming. There was a still shot. There was a freeze frame of one of the images. Yes. It's government. There's no zooming, but how could that be dispositive? I'm sorry. Okay, so there's no zooming, but the guy was evidently just filming. Well, there was zooming on the one that you just mentioned. Government's Exhibit 31 is a zoomed-in still shot from Government's Exhibit 43, the movie, and that's probably within the first four seconds of the movie. It's a still shot. It's zoomed in. He does do some zooming, but what I'm also saying is all the rest of the images, time after time, are prominent focal point, where the focal point is the child's genitals or pubic area. And then especially Government Exhibit 39, where the child is bending over, the curtains actually frame the shot so that it's actually in the middle of the shot. What do you contend to Wilkerson's argument that lascivious exhibition requires a sex act? Yeah, yeah. That's the challenge based on the Williams decision that the actual depiction must be a sex act of the minor, but the Williams decision, I think as Judge Duncan was pointing out, just dealt with the first definition of sexually explicit conduct, which was actually or simulated sexual intercourse. And the court found that that extended only to actual depiction of real sex using real children, but the Williams court didn't extend that holding to other definitions of sexually explicit conduct. The court didn't require that lascivious exhibition requires a sex act. The basis of this argument, and you see it in other cases, is the associated words canon, because the other terms in 2256 are affirmative sex acts. So display of the genitals must also be a sex act, but must also connote a sex act. But the term lascivious exhibition has had really decades-long meaning distinct from the other terms. What does that mean? You said it's had definitions of the meaning. What is the meaning of lascivious exhibition? Lascivious isn't defined in the statute, but when the law was codified, it went from lewd exhibition to lascivious exhibition. I mean, we sat in steam, the definition I read of lascivious exhibition. Was what you quoted earlier too. That may come from fervor. I don't recall when they codified it, whether it came out of fervor or not. No, I don't think that did come out of fervor. But then the rest of the argument is that the Supreme Court prohibition of hardcore pornography supports the conclusion that a sex act is required. But under Ferber, lascivious exhibition is hardcore pornography. On page 773 of Ferber, Ferber says the reach of the New York statute is directed at hardcore pornography. And the New York statute includes in its definition of sexual conduct, the lewd exhibition of the genitals, similar to the federal definition. So it is hardcore pornography, according to Ferber. Going back to the other dos factors, the setting is sexually suggestive. Just as in contrast with Steen. Steen didn't target the person as a child. Steen looked at everyone he could. Here, Wilkerson lives with a child, knows her dressing routines, targets her. He specifically makes comments to the investigators about her friends. Are they sexually active? Is she sexually active? So just like in McCall, his sexual interest in children weighs against voyeurism. And this isn't like a 1.5 seconds. This is long videos. It's different from Steen, where the setting is a tanning booth. Here, it's the child's bedroom. There's continuous nudity. And as I was saying, his interest in her sexuality makes it not, takes it out of the realm of voyeurism. The key question is whether the jury's decision was clear error. And based on an examination of the exhibits, it certainly was not clear error. Okay. Thank you. Thank you very much. Ms. Davidson, you have five minutes. Thank you. I want to start with Judge Wiener's question about the definition of lascivious exhibition. Because the Supreme Court in Williams, in referring back to Ferber for, we understand what this means, we have for a long time. Ferber points to Miller, page 25, for the types of examples that would constitute the patently offensive, hardcore pornography. And Ferber says, we understand what lewd means by reference to Miller. And Miller would isolate from First Amendment protections, patently offensive representations or descriptions of masturbations, excretory functions, and lewd exhibition of the genitals. In sister cases, 12,200 foot reels of film, as well as Hamline versus United States, the Supreme Court again makes clear that to avoid vagueness in terms like lewd and lasciviousness, we limit those to the types of conduct described in Miller, page 25. So there's this long history, this long-held understanding by the Supreme Court of what lascivious exhibition refers to. Let's assume for the sake of argument I agreed with you. Would I still be barred as a panel from writing that opinion because of McCall? Because McCall says, sorry, the low light in here is awful. Steen did not adopt a special per se rule for surreptitious recording cases that requires an affirmative display or sexual act by a minor. Is that so? I mean, let's say I agreed with you about Williams. Would I still have to sort of say, well, but we're unable to go there because our precedent sort of forecloses it? No, I think that's giving too much emphasis to the surreptitious recording as opposed to what the images actually depict. Well, we said here we don't have any per se rule that there has to be a affirmative display or sexual act by a minor. I guess that's why I asked earlier, by lascivious, do you mean sex act? It can't be that because we've said that it doesn't include that. So I'm just trying to get at what is it? I agree with you, to be fair. I agree with you that lascivious has to do some work. It can't just be nudity. We've said that. It can't just be nudity. It's got to be lascivious. Well, let me clarify that I described the five different categories listed under sexually explicit conduct as acts. So I'm describing lascivious exhibition as a type of act that falls under that. Well, it's a type of act. When I say sex act, I mean the other things in that definition are intercourse or analogs. So directly to your question, though, it does not require the minor to lasciviously exhibit because the definition states that it's the lascivious exhibition by any person. But a minor has to be used. That's part of the definition. Look, I hate to even get into it, but I mean the genitals have to be of the minor since we're talking about childborn. Uh, no, if you look at the statute, it's the lascivious exhibition of the genitals, anus, or pubic area of any person. But if a minor is placed next to an adult, lasciviously exhibiting their genitals, that would fall within the reach of child pornography. Um, so it is, that is where, that is where child pornography departs from Miller. Yeah, I mean it definitely does. It's a lower standard than Miller. Child porn. Correct. Child pornography does not have to meet the definition of obscene, but it's expanded by virtue of a minor being used. It is not based on an expansiveness of the term lascivious exhibition. Um, and, and the court has repeatedly been careful not to allow. But circling back to Judge Duncan's question, so even if we accepted your reading of Miller, could we, as a panel, write an opinion that sided with you without running afoul of our own circuit precedent? Yes, because the Supreme Court is not just merely hinting at what it thinks this term means. But if we have published precedent controlling, governing precedent afterwards. Right. The court has never been asked to consider the Williams definition. Um, so for, and in the court's defense, the party has not brought it to the court's attention. But that doesn't make the Supreme Court's authoritative interpretation any less so. The dose factors were adopted by this court with little to no statutory analysis or interpretation. And so unfortunately, um, I mean, the court addresses the questions that a party raises. So today is the day that Mr. Wilkerson asked the court to give reasonable consideration to the law and held authoritative interpretation by the Supreme Court.  Thank you. Thank you, Ms. Davidson. The case is submitted. Thank you.